BY HAND
Hon. Eric R. Komitee
U.S. District Court EDNY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 07 2024 ★
BROOKLYN OFFICE

July 24, 2024

RE: Schulte v. Denton, Jr., et al, 23-CV-5656

Dear Judge Komitee:

The government has yet to enter an appearance and the court has yet to address my letters requesting pro bono counsel. Due to the imposition of additional confinement restrictions, it is now impossible for me to continue litigation — thus I renew my requests herein.

## I. Impossibility of Engaging in Civil Litigation due to Confinement Conditions

### A. Special Administrative Measures (SAMs) Mail delays

Due to SAMs, all mail sent to me, including from prosecutors and federal judges, must be approved by the FBI and BOP. Thus, all mail sent to me is delayed by months — which has caused dismissals of complaints, summary orders, etc. (Letter in 23-CV-8613 case delayed 4 months). This issue has been raised throughout my criminal case U.S. v. Schulte, 17 CR 548 SDNY as well as numerous civil cases. The FBI asserts the reason for the delay is to ensure I don't write any classified information, which is absurd for mail that I <u>receive</u>.

### B. Banned from the Law Library

The FCC-USP bans me from accessing the BOP's law library computer system thus denying me access to the courts. I cannot lookup published cases, statutes, rules — nothing. My grievances have been denied (BP-9: 1197123-F1, BP-10 not returned, BP-11 not returned).

C. Habeas Petition Impossible

Without access to the courts and BOP Law Library system, I cannot obtain court addresses or case citations to file for habeas relief. Nonetheless, I filed a habeas petition in March 2024 seeking access to the courts, and mailed it to the New York District Court seeking transfer to whatever court and address is applicable to FCC-USP. I have had no response.

II. Request Pro Bono Counsel

The government cannot obstruct my access to the courts and engage in lawful civil litigation by deliberately delaying court correspondence and denying me access to published cases, statutes, laws, rules, and even court addresses — without providing me alternative means of representation. Due to the impossibility of litigation, the court should grant me pro bono counsel. In fact, SDNY judges have likewise granted me pro bono counsel due to litigation constraints far less significant than the ones I face today. See 20-CV-2735 (PGG) and 21-CV-4042 (JMF).

III. CONCLUSION

This court should find that the government's obstruction of mail delays, access to the law library, and the ability to file habeas petitions are unconscionable and warrant assignment of pro bono counsel as self-representation would otherwise be impossible.

Respectfully Submitted,

July 24, 2024

Josh Schulte #79471054

pro se

Note: A similar letter was sent for case 23-CV-8513

Josh Schulte #79471054
U.S. Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

ATTN: Schulte v. Denton, Jr., et al, 23-CV-5656
Pro Se Intake Office
U.S. District Court EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

24-79471-054        0731-MDL-035